IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| KYLE A.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:21CV095 (RCY) |
| | ) |
| KILOLO KIJAKAZI,[2] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

This matter is before the Court on a Report and Recommendation ("R&R," ECF No. 23) from United States Magistrate Judge Douglas E. Miller filed on June 30, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment (ECF Nos. 17, 20), which Plaintiff and Defendant respectively filed on January 31, 2022, and March 1, 2022. Plaintiff objected to the R&R, and Defendant responded (ECF Nos. 24, 25). The Court will dispense with oral argument because the facts and legal contentions are fully developed, and argument would not aid the Court in its decisional process. E.D. Va. Loc. Civ. R. 7(J).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Kilolo Kijakazi is the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

(E.D. Va. 2015) ("[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'") (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)).  In conducting its review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition of the case.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The R&R thoroughly details the factual and procedural history of this matter.  (R&R at 2-10, ECF No. 23.)  This matter involves Plaintiff's application for disability insurance benefits ("DIB") under the Social Security Act. (*Id.* at 1); s*ee* 42 U.S.C. §§ 405(g) and 1383(c)(3).  Plaintiff alleged disability beginning on July 31, 2019. (R&R at 2.)  He alleged disability "based on various physical impairments." (*Id.*)  Plaintiff's application was denied, both initially and upon reconsideration. (*Id.*)  An Administrative Law Judge ("ALJ") then held a hearing at Plaintiff's request on February 11, 2021, at which Plaintiff appeared with counsel, and a vocational expert testified. (*Id.*)  On March 1, 2021, the ALJ denied Plaintiff's claims for DIB, finding that he was not disabled during the period alleged. (*Id.*) The ALJ followed a five-step evaluation process, pursuant to Social Security Administration regulations, in making the disability determination. (*Id.* at 13); *see Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) ("[T]he ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work."); 20 C.F.R. § 404.1520(a)(4).

"At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from his alleged disability onset date until the hearing date." (R&R at 13.)  Next, "[a]t step two, the ALJ found that Plaintiff suffered from the following severe impairments:  disorders of the lumbar spine

2

and obesity, anxiety, depression and post-traumatic stress disorder." (*Id*.) Then, "[a]t step three, the ALJ found that Plaintiff did not suffer from a listed impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." (*Id*.) After step three, the ALJ determined that Plaintiff had the residual functional capacity to

> perform less than a full range of light work as defined in 20 CFR [§] 404.1567(c). The claimant is limited to lifting and carrying from waist to chest level . . . occasional pushing and pulling . . . can walk no longer than one block at a time on a flat even surface . . . can sit or stand up to [thirty] minutes at a time before changing for a few minutes. The claimant has to avoid crawling and climbing ladders, ropes, and scaffolds, but he can frequently balance and perform other postural movements on an occasional basis.

(*Id*. at 13.) (citation to Record omitted.) The ALJ concluded at step four that Plaintiff was unable to perform his past relevant work as a mechanic. (*Id*.) At step five, the ALJ found that "Plaintiff could perform jobs that exist in significant numbers in the national economy, including final assembler, inspector, and table worker." (*Id*.) The ALJ therefore determined that the Plaintiff was not disabled. (*Id*.)

On May 18, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (*Id*. at 2); *see* 42 U.S.C. §§ 405(g) & (h), 1383(c)(3); 20 C.F.R. § 404.981; 20 C.F.R. § 416.1481. Plaintiff then sought review of the ALJ's decision in this Court, filing his Complaint on July 21, 2021. (ECF No. 1.)

The Magistrate Judge considered the challenges brought by Plaintiff. In the Complaint, Plaintiff claimed that the "the conclusions and findings of fact of the Defendant are not supported by substantial evidence and are contrary to law and regulation." (Compl. ¶ 8.) In his motion for summary judgment, Plaintiff argued that "[t]he ALJ failed to support his assessment of NP Cavallo-Fa't's consultative examination opinion with substantial evidence." (Pl.'s Mem. Supp. Mot. Summ. J. at 5, ECF No. 18; *see also* R&R at 11). The Magistrate Judge first addressed the applicable framework and the ALJ's decision. (R&R at 11-13.) Then, he addressed Plaintiff's

3

contention that the "Cavallo-Fa't's opinion that Plaintiff could sit, stand, and walk each for two hours" amounted to an opinion that Plaintiff could not complete a normal workday. (R&R 14 (citing Pl.'s Reply at 2).) The Magistrate Judge also noted Plaintiff's contention that "the ALJ's finding discounting the opinion [of Cavallo-Fa't] was harmful error." (*Id.*) The Magistrate Judge next noted that the court should confirm the ALJ's opinion when the ALJ "evaluates evidence using the proper standard[.]" (*Id.* (citing 42 U.S.C. § 405(g))). The Magistrate Judge determined that there was "[s]ubstantial evidence [to] support[] the ALJ's finding that Cavallo-Fa't's examination . . . does not support [the] greater limitations that she assessed," and that Cavallo-Fa't's opinion was inconsistent with substantial evidence from other medical and non-medical sources. (*Id.* at 14-16.) The Magistrate Judge determined that the ALJ adequately developed the record and "considered evidence favorable to Plaintiff so the analysis was not infected by cherry-picking." (*Id.* at 17.) He noted that "[t]he rules do not require the ALJ to comment 'on every piece of evidence.'" (*Id.* at 18.) He further determined that the ALJ facilitated judicial review by evaluating Cavallo-Fa't's opinion and noting "the extent to which he found one part of her opinion unpersuasive," therefore "build[ing] an accurate and logical bridge from the evidence to his conclusion." (*Id.* at 20-21 (internal citations and quotations omitted).) Judge Miller concluded there to be "no error in the ALJ's analysis." (*Id.* at 11.)

Accordingly, the Magistrate Judge recommended to the Court, pursuant to 42 U.S.C. § 405(g), that Plaintiff's Motion for Summary Judgment be denied, that Defendant's Motion for Summary Judgment be granted, and that the final decision of the Commissioner be affirmed. (*Id.* at 21); *see* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

On July 14, 2022, Plaintiff filed his Objection to the Magistrate Judge's R&R. (Obj., ECF

No. 24.) Plaintiff sets forth his Objection to the "Magistrate Judge's [narrow] definition of cherry-picking and conclusion that the ALJ sufficiently discussed supportability." (*Id*. at 1)  He contends that the Magistrate Judge erred by using a narrow definition of cherry-picking: "Cherry-picking occurs when an ALJ 'locate[s] a single treatment note that purportedly undermines [the treatment provider's] overall assessment of [the plaintiff's] functional limitations.'" *Id.* at 1 (quoting R&R at 18.) Plaintiff suggests that the definition of cherry-picking should also include "a failure to discuss exam results contrary to the ALJ's decision." (*Id*. at 2 (citing *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951).)  He contends that the ALJ did not address positive exam findings and failed

> to reconcile the opposing findings of Plaintiff's need for help in removing shoes and socks, inability to sit comfortably during the exam (sitting very rigidly), diminished thoracolumbar flexion, extension, and lateral flexion, notably diminished bilateral hip abduction with some reduction in bilateral hip adduction, and paraspinal muscle tenderness and lumbar trigger points.

(*Id.* at 2.)

Plaintiff further contends that the "ALJ failed to duly consider supportability as required by 20 C.F.R. § 404.1520c(b)(2)" and so the "matter should be remanded so that the Agency may provide a supportability analysis and meet the minimum level of articulation required for evaluating opinions." (*Id.* at 2-3.)

Defendant disagrees with the Objection.  In her response, Acting Commissioner Kijakazi contends first that Plaintiff's objections to the R&R are improper because they are the same arguments he made in the summary judgment briefs and notes that "[o]bjections to a report and recommendation are not to be used as 'a second opportunity to present the arguments already considered by the Magistrate Judge.'" (Resp. to Obj. at 1, ECF No. 25 (quoting *Felton v. Colvin*, No. 2:12-CV-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014).)  She asserts that "Plaintiff points to one sentence in the Magistrate Judge's decision and contends that the Magistrate Judge

5

had a flawed understanding of cherry-picking, but entirely ignores the Magistrate Judge's multi-paged analysis of the issue." (*Id.* at 2.)

The Defendant contends that the ALJ had substantial evidence supporting his evaluation of Cavallo-Fa't's opinion, including Plaintiff's imaging, test results, treatment history, and his own testimony; the conclusions of other physicians when evaluating Cavallo-Fa't's opinion; and "multiple, specific findings from Cavallo-Fa't's own exam that did not support her opinion." (*Id.* at 2.)

Finally, Defendant contends that "to the extent Plaintiff argues that the ALJ failed to consider supportability as required by 20 C.F.R. § 404.1520c(b)(2), [because] Plaintiff did not raise this argument in his opening brief, . . . it is waived." (*Id.*) Defendant notes that the ALJ supported his conclusion by explaining that Cavallo-Fa't's "opinion that Plaintiff could sit, stand, and walk each for only two hours was not persuasive because it was not supported by [Cavallo-Fa't's] own unremarkable examination of Plaintiff." (*Id.* at 3.)

When reviewing the decision of an ALJ, the reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (alteration in original) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). When assessing "substantial evidence," the Court looks for "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," which is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In 2019, the Supreme Court confirmed that the substantial-evidence standard "is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It explained that "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to

support the agency's factual determinations." *Id.* (alteration in original) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. Even more recently, in 2020, the Supreme Court reaffirmed that the substantial-evidence standard is "highly deferential," explaining that "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citing 8 U.S.C. § 1252).

The Court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Johnson*, 434 F.3d at 653 (second alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Biestek*, 139 S. Ct. at 1156 (referring to the substantial evidence standard as "deferential"); *Nasrallah*, 140 S. Ct. at 1692 (referring to the standard as "highly deferential"). "[However, a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

In line with this standard, having reviewed the record, Plaintiff's Objection, and the Magistrate Judge's detailed R&R, the Court finds that the Magistrate Judge applied the proper standard and that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law as to the arguments asserted by Plaintiff, which were properly considered and rejected by the Magistrate Judge. The Court declines to expand the definition of cherry-picking to include a failure to discuss all exam results contrary to the ALJ's decision and finds the Magistrate Judge correctly used a definition of cherry-picking used by other courts in the Fourth Circuit. *See, e.g., Ashley L.R. v. Kijakazi*, No. 3:21-cv-00678, 2022 WL 3643372, at *8 (E.D. Va. Jul. 11, 2022), *adopted by*, No. 3:21cv678, 2022 WL 3635466, at *1 (E.D. Va. Aug. 23, 2022) ("Cherry-picking occurs when an ALJ locate[s] a single treatment note that purportedly

7

undermines [the treatment provider's] overall assessment of [the plaintiff's] functional limitations ...") (internal citations and quotations omitted); *Hudson v. Colvin*, No. 7:12-CV-269, 2013 WL 6839672 at *8 (E.D.N.C. Dec. 23, 2013). The Court further finds that Plaintiff has waived his argument that the ALJ failed to consider supportability because Plaintiff did not raise the argument in his opening brief. (Pl.'s Mem. Supp. Mot. Summ. J., ECF No. 18); *see Dean v. Comm'r of Soc. Sec.*, 386 F. App'x 379, 380 (4th Cir. 2010) ("An Appellant's opening brief must contain the appellant's contentions and the reasons for them. To the extent an Appellant's opening brief fails to comply with these requirements with regard to any particular issue, he has waived appellate review of that issue.") Accordingly, Plaintiff's Objection will be overruled.

For these reasons, the Court hereby ACCEPTS and ADOPTS the Magistrate Judge's R&R (ECF No. 23). Plaintiff's Motion for Summary Judgment, (ECF No. 17), will be denied, and Defendant's Motion for Summary Judgment, (ECF No. 20), will be granted. The final decision of the Commissioner will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/ *[signature]*
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: August 30, 2022